FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 1 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SCOTT A. BURDMAN, ESQ. SBN 108265
sburdman@burdmanlaw.com
PIETER M. O'LEARY, ESQ. SBN 242846
poleary@burdmanlaw.com
**BURDMAN & WARD**
12555 High Bluff Drive, Suite 380
San Diego, CA 92130
(858) 350-4040 (phone)
(858) 350-4041 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ROCHELLE AND JOSE ABNER; EDUARDO
AND CARMEN AMORIN; JASON AND TARA
AUSTIN; KENNETH ABEL; CARRIE AND
RANDY AYERS; MATTHEW AND CHRISTA
DIFFLEY; CHARLES EUGENE AND DAWN
EVERETTE; ARLEDYS GALLARDO; JOAN
GOLDBERG; WILLIAM AND DEBRA GRASSO;
CHARMAINE FONG; PERRY AND
CASSANDRA FONTENOT; JULIANNE AND
JOSHUA FRANKZE; BRYON HAND;
BRANDON AND JESSICA HARRIS; LAURA
HAYA, DANIEL HAYA AND IRENE HAYA;
VICTOR V. HO and SHIRLEY A. NGUYEN;
NO THI LA; MATTHEW MYERS; HUY THINH
NGO, aka, BRUCE NGO, PETER PHUNG K.
NGO aka PETER NGO & KIMBERLY
NGUYEN; JUNE PEPPERS; ROBERT
POPOVITCH; JASON PURSE; JOSEPH
QUARTARARO; BARRY AND MARKITA
SMITH; FRANK AND YVONNE TOPF; CATHY
PARKER VAPY; HUGH AND TRACY VEST;
AND KENNETH AND BARBARA WILTZ,

Case No. SACV11-01787 Doc (RNBx)

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMAND**

---

**CLASS ACTION COMPLAINT**
1

1  individually, and on behalf of all others
2  similarly situated,

3              Plaintiffs,

4

5  v.

6

7  TAISHAN GYPSUM CO., LTD. F/K/A
   SHANDONG TAIHE DONGXIN CO., LTD.;
8  TAIAN TAISHAN PLASTERBOARD CO., LTD.;
   QINHUANGDAO TAISHAN BUILDING
9  MATERIALS CO., LTD. A/K/A QINHUANG
10 DAO TAISHAN BUILDING; MATERIALS CO.,
   LTD.; BEIJING NEW BUILDING MATERIALS
11 PUBLIC LIMITED CO.; CHINA NATIONAL
12 BUILDING MATERIAL CO., LTD.; BEIJING
13 NEW BUILDING MATERIALS (GROUP) CO.,
   LTD.; CHINA NATIONAL BUILDING
14 MATERIALS GROUP CO.; CNBM USA
15 CORP.; BNBM OF AMERICA, INC.; BNBM
16 USA; UNITED SUNTECH CRAFT, INC.;
   CNBMI CO., LTD.; CHANGZHOU YINHE
17 WOOD INDUSTRY CO., LTD.; FUXIN
18 TAISHAN GYPSUM AND BUILDING
19 MATERIAL CO., LTD.; HUBEI TAISHAN
   BUILDING MATERIAL CO., LTD.; JINAN RUN
20 & FLY NEW MATERIALS CO., LTD.; NANHAI
21 SILK IMP. & EXP. CORPORATION; PINGYI
22 BAIER BUILDING MATERIALS CO., LTD.;
   QINHUANGDAO TAISHAN BUILDING
23 MATERIAL CO., LTD.; SHANGHAI YU YUAN
24 IMP & EXP CO., LTD.; SINKIANG TIANSHAN
   BUILDING MATERIAL AND GYPSUM
25 PRODUCT CO., LTD.; SUNRISE BUILDING
26 MATERIALS LTD.; TAI'AN JINDUN BUILDING
   MATERIAL CO., LTD.; TAISHAN GYPSUM
27 CO., LTD. LUCHENG BRANCH; TAISHAN
28

**CLASS ACTION COMPLAINT**
2

GYPSUM (BAOTOU) CO., LTD.; TAISHAN
GYPSUM (CHONGQING) CO., LTD.; TAISHAN
GYPSUM (HENAN) CO., LTD.; TAISHAN
GYPSUM (PINGSHAN) CO., LTD.; TAISHAN
GYPSUM (PIZHOU) CO., LTD.; TAISHAN
GYPSUM (TONGLING) CO., LTD.; TAISHAN
GYPSUM (XIANGTAN) CO. LTD.; YUNAN
TAISHAN GYPSUM AND BUILDING
MATERIAL CO., LTD.; SHAANXI TAISHAN
GYPSUM CO., LTD.; TAISHAN GYPSUM
(HENGSHUI) CO., LTD.; TAISHAN GYPSUM
(JIANGYIN) CO., LTD.; TAISHAN GYPSUM
(WENZHOU) CO., LTD.; BEIJING NEW
MATERIAL INCUBATOR CO., LTD.;
QINGDAO YILIE INTERNATIONAL TRADE
CO., LTD.; SHANGHAI EAST BEST ARTS &
CRAFTS CO., LTD.;
SIIC SHANGHAI INTERNATIONAL TRADE
(GROUP) CO., LTD.; TIANJIN TIANBAO
CENTURY DEVELOPMENT CO., LTD.;
SHANDONG ORIENTAL INTERNATIONAL
TRADING CORP.; LIANYUNGANG YUNTAI
INTERNATIONAL TRADE CO., LTD.;
SHANGHAI YUYUAN MARKET IMPORT &
EXPORT CO., LTD.; ORIENT INTERNATIONAL
HOLDING SHANGHAI FOREIGN TRADE CO.,
LTD.; QINGDAO AONI DECORATION BOARD
AND MATERIALS CO., LTD.; BEIJING
BUILDING MATERIALS IMPORT & EXPORT
CO., LTD.; TAIAN TAIGAO TRADING CO.,
LTD.; NANTONG ECONOMIC AND
TECHNOLOGICAL DEVELOPMENT ZONE
CORPORATION; QINGDAO KANGHONG
IMPORT AND EXPORT CO., LTD.; ZHEJIANG
PROVINCIAL SECOND LIGHT INDUSTRY
ENTERPRISES GROUP IMP. & EXP. CO.,
LTD.; SIIC SHANGHAI INTERNATIONAL

**CLASS ACTION COMPLAINT**
3

1  TRADE GROUP PUDONG CO., LTD.; JIANGSU
2  SAINTY INTERNATIONAL ECONOMIC &
3  TECHNICAL COOPERATION CO., LTD.; ZIBO
   INTERNTIONAL ECONOMIC AND TECHNICAL
4  COOPERATION CORPORATION; SHANGHAI
5  KAIDUN DEVELOPMENT CO., LTD.;
   SHANGHAI YUJIN INDUSTRY CO., LTD.;
6  HANGZHOU GREAT IMPORT AND EXPORT
7  CO., LTD.; XUZHOU HANBANG GLOBAL
8  TRADE CO., LTD.; CHINA XUZHOU
   INTERNATIONAL ECONOMIC &
9  TECHNOLOGICAL COOPERATION CO., LTD.;
10 JIANGSU EASTHIGH GROUP IMPORT &
11 EXPORT CO., LTD.; QINGDAO JOY
   INDUSTRIAL & DEVELOPMENT CO., LTD.;
12 SNEAD DOOR, LLC; MAZER'S DISCOUNT
13 HOME CENTERS, INC.; AND ACE HOME
14 CENTERS, INC.

15        Defendants.
16 _____/
17
## PLAINTIFFS' CLASS ACTION COMPLAINT
18
19      Pursuant to Fed. R. Civ. P. 23, the class representatives in this action bring
20 suit on behalf of themselves and all other similarly situated owners and residents of
21 real property containing problematic Chinese manufactured drywall that was
22
23 designed, manufactured, imported, distributed, delivered, supplied, marketed,
24 inspected, or sold by the Defendants.  Each of the class representatives is pursuing
25 a nationwide class action against Beijing New Building Materials Public Limited
26
27 Co. ("BNBM"); China National Building Material Co., Ltd.; Beijing New Building
28

Materials (Group) Co., Ltd. ("BNBM Group"); China National Building Materials

Group Co. ("CNBM Group"); CNBM USA Corp.; BNBM of America, Inc.;

BNBM USA; United Suntech Craft, Inc. ("United Suntech"); CNBMI Co., Ltd.

("CNBMI"); Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.;

Taian Taishan Plasterboard Co., Ltd. ("TTP"); and Qinhuangdao Taishan Building

Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.

("Qinhuangdao"); Changzhou Yinhe Wood Industry Co., Ltd.; Fuxin Taishan

Gypsum And Building Material Co., Ltd.; Hubei Taishan Building Material Co.,

Ltd.; Jinan Run & Fly New Materials Co., Ltd.; Nanhai Silk Imp. & Exp.

Corporation; Pingyi Baier Building Materials Co., Ltd.; Qinhuangdao Taishan

Building Material Co., Ltd.; Shanghai Yu Yuan Imp & Exp Co., Ltd.; Sinkiang

Tianshan Building Material And Gypsum Product Co., Ltd.; Sunrise Building

Materials Ltd.; Tai'an Jindun Building Material Co., Ltd.; Taishan Gypsum Co.,

Ltd. Lucheng Branch; Taishan Gypsum (Baotou) Co., Ltd.; Taishan Gypsum

(Chongqing) Co., Ltd.; Taishan Gypsum (Henan) Co., Ltd.; Taishan Gypsum

(Pingshan) Co., Ltd.; Taishan Gypsum (Pizhou) Co., Ltd.; Taishan Gypsum

(Tongling) Co., Ltd.; Taishan Gypsum (Xiangtan) Co. Ltd.; Yunan Taishan

Gypsum And Building Material Co., Ltd.; Shaanxi Taishan Gypsum Co., Ltd.;

Taishan Gypsum (Hengshui) Co., Ltd.; Taishan Gypsum (Jiangyin) Co., Ltd.;

**CLASS ACTION COMPLAINT**
5

Taishan Gypsum (Wenzhou) Co., Ltd.; Beijing New Material Incubator Co., Ltd.; Qingdao Yilie International Trade Co., Ltd.; Shanghai East Best Arts & Crafts Co., Ltd.; Siic Shanghai International Trade (Group) Co., Ltd.; Tianjin Tianbao Century Development Co., Ltd.; Shandong Oriental International Trading Corp.; Lianyungang Yuntai International Trade Co., Ltd.; Shanghai Yuyuan Market Import & Export Co., Ltd.; Orient International Holding Shanghai Foreign Trade Co., Ltd.; Qingdao Aoni Decoration Board and Materials Co., Ltd.; Beijing Building Materials Import & Export Co., Ltd.; Taian Taigao Trading Co., Ltd.; Nantong Economic and Technological Development Zone Corporation; Qingdao Kanghong Import and Export Co., Ltd.; Zhejiang Provincial Second Light Industry Enterprises Group Imp. & Exp. Co., Ltd.; SIIC Shanghai International Trade Group Pudong Co., Ltd.; Jiangsu Sainty International Economic & Technical Cooperation Co., Ltd.; Zibo Interntional Economic and Technical Cooperation Corporation; Shanghai Kaidun Development Co., Ltd.; Shanghai Yujin Industry Co., Ltd.; Hangzhou Great Import and Export Co., Ltd.; Xuzhou Hanbang Global Trade Co., Ltd.; China Xuzhou International Economic & Technological Cooperation Co., Ltd.; Jiangsu Easthigh Group Import & Export Co., Ltd.; and Qingdao Joy Industrial & Development Co., Ltd. (collectively "the Taishan Defendants").

The non-class representative plaintiffs (identified in paragraphs 31 through

33 below) are the owners and residents of real property containing problematic Chinese manufactured drywall that was designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, or sold by the Taishan Defendants. The non-class representative plaintiffs are bringing suit against the Taishan Defendants. The class representative plaintiffs and the non-class representative plaintiffs shall be referred to herein collectively as "Plaintiffs".[1]

Certain of the class representative plaintiffs are also pursuing nationwide class action claims against Snead Door, LLC; Mazer's Discount Home Centers, Inc.; and Ace Home Center, Inc. (collectively "the non-Taishan Defendants"). The representative plaintiffs with claims against the non-Taishan Defendants are set forth in paragraphs 20 through 30 below. The Taishan and non-Taishan Defendants shall be referred to herein collectively as "Defendants".

Each of the Defendants in this action are liable for damages incurred by Plaintiffs due to their role in the design, manufacture, importing, distributing, delivery, supply, marketing, inspecting, or sale of the problematic drywall at issue in this litigation.

---

[1] Pursuant to L.R. 79-5.4 (g), Plaintiffs' home addresses have been redacted from the allegations of this complaint. Plaintiffs are filing a reference list providing their home addresses separately under seal.

CLASS ACTION COMPLAINT
7

## JURISDICTION, PARTIES, AND VENUE

1. Original jurisdiction of this Court exists by virtue of 28 U.S.C. §1332(d)(2) and the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1711, *et. seq.* The Plaintiffs and certain of the Defendants in these actions are citizens of different states and the amounts in controversy in these actions exceed five million dollars ($5,000,000.00), exclusive of interest and costs.

2. Venue in this district satisfies the requirements of 28 U.S.C. §1391(b) because Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district.

## PLAINTIFFS

3. For purposes of clarity, the Plaintiffs are asserting claims on behalf of all owners and residents of the subject properties, including but not limited to, minors and other residents of the properties who do not appear herein as named plaintiffs.

4. The representative plaintiffs in this action are also asserting claims on behalf of all plaintiffs from prior complaints that have been filed in the United States District Court for the Eastern district of Louisiana involving the Taishan Defendants. These plaintiffs include but are not limited to those plaintiffs who

asserted claims against the Taishan Defendants in *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civ. Action No. 10-361; *Gross, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-6690; *Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-080; *Laura, Daniel and Irene Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1077; and *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Civ. Action No. 9-6687.

5. Plaintiffs, Eduardo and Carmen Amorin are citizens of Florida and together own real property located at 123 ABC Street, Punta Gorda, Florida 12345. *See* Reference List of Plaintiffs' Home Addresses for Plaintiffs' Class Action Complaint (hereafter "Reference List"), filed separately under seal. Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals.

6. Plaintiff, Kenneth Abel is a citizen of Florida and owns real property located at 123 ABC Street, Port St. Lucie, Florida 12345. *See* Reference List. Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants and is participating as a class representative for similarly situated individuals.

7.      Plaintiff, Arledys Gallardo is a citizen of Florida and owns real property located at 123 ABC Street, Homestead, Florida 12345.  *See* Reference List.  Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants and is participating as a class representative for similarly situated individuals.

8.  Plaintiff, Charmaine Fong is a citizen of Florida and owns real property located at 123 ABC Street, Boynton Beach, Florida 12345.  *See* Reference List. Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants and is participating as a class representative for similarly situated individuals.

9.  Plaintiffs, Perry and Cassandra Fontenot are citizens of Virginia and together own real property located at 123 ABC Street, Newport News, Virginia 12345.  *See* Reference List.  Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as a class representatives for similarly situated individuals.

10.  Plaintiffs, Julianne and Joshua Frankze are citizens of Florida and together own real property located at 123 ABC Street, Cape Coral, Florida 12345. *See* Reference List.  Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representative

CLASS ACTION COMPLAINT
10

1  for similarly situated individuals.

2
3      11.  Plaintiff, Bryon Hand is a citizen of Virginia and owns real property

4  located at 123 ABC Street, Williamsburg, Virginia 12345. *See* Reference List.

5
   Plaintiff has incurred damages caused by the drywall distributed by the Taishan
6
7  Defendants and is participating as a class representative for similarly situated

8  individuals.
9
10     12.  Plaintiffs, Laura Haya, Daniel Haya, and Irene Haya are citizens of

11
   Florida and together own real property located at 123 ABC Street, Tampa, Florida
12
13 12345. *See* Reference List.  Plaintiffs have incurred damages caused by the

14 drywall distributed by the Taishan Defendants and are participating as class
15
16 representatives for similarly situated individuals.

17     13.  Plaintiff, Robert Popovitch is a citizen of Virginia and owns real
18
19 property located at 123 ABC Street, Newport News, Virginia 12345. *See*

20 Reference List.  Plaintiff has incurred damages caused by the drywall distributed by

21
22 the Taishan Defendants and is participating as a class representative for similarly

23 situated individuals.

24     14.  Plaintiff, Jason Purse is a citizen of Virginia and owns real property
25
26 located at 123 ABC Street, Williamsburg, Virginia 12345. *See* Reference List.

27 Plaintiff has incurred damages caused by the drywall distributed by the Taishan
28  _____

**CLASS ACTION COMPLAINT**
11

Defendants and is participating as a class representative for similarly situated individuals.

15. Plaintiff, Joseph Quartararo is a citizen of Louisiana and owns real property located at 123 ABC Street, Metairie, Louisiana 12345. *See* Reference List. Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants and is participating as a class representative for similarly situated individuals.

16. Plaintiffs, Frank and Yvonne Topf are citizens of Virginia and together own real property located at 123 ABC Street, Virginia Beach, Virginia 12345. *See* Reference List. Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals.

17. Plaintiff, Cathy Parker Vapy is a citizen of Louisiana and owns real property located at 123 ABC Street, New Orleans, Louisiana 12345. *See* Reference List. Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants and is participating as a class representative for similarly situated individuals.

18. Plaintiffs, Hugh and Tracy Vest are citizens of Virginia and together own real property located at 123 ABC Street, Yorktown, Virginia 12345. *See*

Reference List.  Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals.

19.  Plaintiffs, Kenneth and Barbara Wiltz are citizens of Louisiana and together own real property located at 123 ABC Street, New Orleans, Louisiana 12345.  *See* Reference List.  Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals.

20.  Plaintiffs, Rochelle and Jose Abner are citizens of Alabama and together own real property located at 123 ABC Street, Birmingham, Alabama 12345.  *See* Reference List.  Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals.  Plaintiffs have also incurred damages caused by the drywall that was distributed by the non-Taishan Defendants and are participating as class representatives for similarly situated individuals as set forth in Exhibit "1" hereto.

21.  Plaintiffs, Jason and Tara Austin are citizens of Alabama and together own real property located at 123 ABC Street, Anniston, Alabama 12345.  *See* Reference List.  Plaintiffs have incurred damages caused by the drywall distributed

1  by the Taishan Defendants and are participating as class representatives for

2
3  similarly situated individuals.  Plaintiffs have also incurred damages caused by the

4  drywall that was distributed by the non-Taishan Defendants and are participating as

5
6  class representatives for similarly situated individuals as set forth in Exhibit "1"

7  hereto.

8      22.  Plaintiffs, Carrie and Randy Ayers are citizens of Alabama and together
9
10 own real property located at 123 ABC Street, Homewood, Alabama 12345.  *See*

11
12 Reference List.  Plaintiffs have incurred damages caused by the drywall distributed

13 by the Taishan Defendants and are participating as class representatives for

14
15 similarly situated individuals.  Plaintiffs have also incurred damages caused by the

16 drywall that was distributed by the non-Taishan Defendants and are participating as

17 class representatives for similarly situated individuals as set forth in Exhibit "1"

18
19 hereto.

20     23.  Plaintiffs, Matthew and Christa Diffley are citizens of Alabama and
21
22 together own real property located at 123 ABC Street, Bessemer, Alabama 12345.

23 *See* Reference List.  Plaintiffs have incurred damages caused by the drywall

24
25 distributed by the Taishan Defendants and are participating as class representatives

26 for similarly situated individuals.  Plaintiffs have also incurred damages caused by

27 the drywall that was distributed by the non-Taishan Defendants and are

28

---

**CLASS ACTION COMPLAINT**
14

participating as class representatives for similarly situated individuals as set forth

in Exhibit "1" hereto.

24. Plaintiffs, Charles Eugene and Dawn Everette are citizens of Alabama

and together own real property located at 123 ABC Street, Fairhope, Alabama

12345. *See* Reference List. Plaintiffs have incurred damages caused by the

drywall distributed by the Taishan Defendants and are participating as class

representatives for similarly situated individuals. Plaintiffs have also incurred

damages caused by the drywall that was distributed by the non-Taishan Defendants

and are participating as class representatives for similarly situated individuals as set

forth in Exhibit "1" hereto.

25. Plaintiff, Joan Goldberg is a citizen of Alabama and owns real property

located at 123 ABC Street, Talladega, Alabama 12345. *See* Reference List.

Plaintiff has incurred damages caused by the drywall distributed by the Taishan

Defendants and is participating as a class representative for similarly situated

individuals. Plaintiff has also incurred damages caused by the drywall that was

distributed by the non-Taishan Defendants and is participating as a class

representative for similarly situated individuals as set forth in Exhibit "1" hereto.

26. Plaintiffs, William and Debra Grasso are citizens of Alabama and

together own real property located at 123 ABC Street, Talladega, Alabama 12345.

---

**CLASS ACTION COMPLAINT**
15

*See* Reference List. Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals. Plaintiffs have also incurred damages caused by the drywall that was distributed by the non-Taishan Defendants and are participating as class representatives for similarly situated individuals as set forth in Exhibit "1" hereto.

27. Plaintiffs, Brandon and Jessica Harris are citizens of Alabama and together own real property located at 123 ABC Street, Albertville, Alabama 12345. *See* Reference List. Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals. Plaintiffs have also incurred damages caused by the drywall that was distributed by the non-Taishan Defendants and are participating as class representatives for similarly situated individuals as set forth in Exhibit "1" hereto.

28. Plaintiff, Matthew Myers is a citizen of Alabama and owns real property located at 123 ABC Street, Birmingham, Alabama 12345. *See* Reference List. Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants and is participating as a class representative for similarly situated individuals. Plaintiff has also incurred damages caused by the drywall that was

distributed by the non-Taishan Defendants and is participating as a class representative for similarly situated individuals as set forth in Exhibit "1" hereto.

29. Plaintiffs, Barry and Markita Smith are citizens of Alabama and together own real property located at 123 ABC Street, Birmingham, Alabama 12345. *See* Reference List. Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants and are participating as class representatives for similarly situated individuals. Plaintiffs have also incurred damages caused by the drywall that was distributed by the non-Taishan Defendants and are participating as class representatives for similarly situated individuals as set forth in Exhibit "1" hereto.

30. Plaintiff, June Peppers is a citizen of Alabama and owns real property located at 123 ABC Street, Altoona, Alabama 12345. *See* Reference List. Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants and is participating as a class representative for similarly situated individuals. Plaintiff has also incurred damages caused by the drywall that was distributed by the non-Taishan Defendants and is participating as a class representative for similarly situated individuals as set forth in Exhibit "1" hereto.

31. Plaintiffs, Huy Thinh Ngo, aka, Bruce Ngo; Peter Phung K. Ngo, aka, Peter Ngo & Kimberly Nguyen; are citizens of California and together own real

property located at 123 ABC Street, Garden Grove, California 12345. *See* Reference List. Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants. Plaintiffs are participating in this complaint in a non-representative capacity.

32. Plaintiff, No Thi La is a citizen of California and owns real property located at 123 ABC Street, Garden Grove, California 12345. *See* Reference List. Plaintiff has incurred damages caused by the drywall distributed by the Taishan Defendants. Plaintiff is participating in this complaint in a non-representative capacity.

33. Plaintiffs, Victor V. Ho and Shirley A. Nguyen, are citizens of California and together own real property located at 123 ABC Street, Midway City, California 12345. *See* Reference List. Plaintiffs have incurred damages caused by the drywall distributed by the Taishan Defendants. Plaintiffs are participating in this complaint in a non-representative capacity.

## DEFENDANTS

### A.    The Taishan Defendants

34. Defendant, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina,

Virginia, and California. Upon information and belief, Defendant, together with its affiliates and/or actual or apparent agents, manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Upon information and belief, Defendant has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Defendant manufactured and sold, directly and indirectly, to certain suppliers in the United States.

35. Defendant, Taian Taishan Plasterboard Co., Ltd. ("TTP") is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Upon information and belief, Defendant, together with its affiliates and/or actual or apparent agents, manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Upon information

CLASS ACTION COMPLAINT
19

and belief, Defendant has continuously and systematically distributed and sold

drywall to numerous purchasers in the United States and their drywall is installed

in numerous structures in the United States. Defendant manufactured and sold,

directly and indirectly, to certain suppliers in the United States. Upon information

and belief, certain of the problematic drywall manufactured, imported, exported,

distributed, supplied and/or brokered by Defendant bear markings that state,

"Crescent City Gypsum, Inc." or "Crescent City."

36. Defendant, TTP is a wholly owned subsidiary of Defendant Taishan.

TTP works collaboratively with Taishan and purchases and/or sells Taishan

wallboard products with product markings written in English designed for sale or

resale in the United States.

37. Defendant, Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a

Qinhuang Dao Taishan Building Materials Co., Ltd. ("Qinhuangdao") is a foreign

corporation doing business in several States, including but not limited to,

Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and

California. Upon information and belief, Defendant, together with its affiliates

and/or actual or apparent agents, manufactured, sold, distributed, marketed and

placed within the stream of commerce gypsum drywall with the expectation that the

drywall would be purchased by thousands of consumers, if not more, within

various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Upon information and belief, Defendant has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Defendant manufactured and sold, directly and indirectly, to certain suppliers in the United States. Upon information and belief, Defendant is the manufacturer, importer, exporter, distributor, supplier and/or broker of drywall bearing markings that state, "Crescent City Gypsum, Inc."

38. Defendant, Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd. is a wholly owned subsidiary of Defendant, Taishan Gypsum Co., Ltd. F/k/a Shandong Taihe Dongxin Co., Ltd.

39. During the period when Taishan and its subsidiaries were distributing problematic drywall to the United States, these entities consistently misrepresented the drywall they were exporting complied with ISO and ASTM quality standards. For instance, Taishan's website boasted that it was exporting large quantities of drywall to the United States and that its drywall complied with ISO quality standards. The employees of Taishan and its subsidiaries also sent emails to potential customers boasting about their experience exporting large quantities of drywall to the United States. These employees also provided false assurances that

the drywall they were exporting complied with ASTM quality standards.

40.  Upon information and belief, Taishan is owned and/or controlled by defendant Beijing New Building Materials Public Limited Co. ("BNBM"), which is a state-owned entity and respectively controlled by the Chinese government. BNBM is traded on the Shenzhen Stock Exchange.  Defendant, BNBM caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

41.  BMBM consistently exerted control over Taishan and its subsidiaries when these entities were exporting problematic drywall to the United States.  For instance, one of BNBM's board members, Tongchun Jia, is the chairman of the board of directors and general manager of Taishan.  Mr. Tongchun Jia occupies similar positions with most of Taishan's subsidiaries.  Through Mr. Tongchun Jia's position with Taishan and its subsidiaries, BNBM controls the actions and operations of these entities.  Even where Tongchun Jia does not formally hold a position with a Taishan subsidiary, BNBM is able to exert its control over the subsidiary through Mr. Tongchun Jia's influence.  For instance, the chairman of the board of TTP, Peng Shi Liang, was also an employee of Taishan.  BNBM was thus able to control TTP since the chairman of its board reported directly to Tongchun Jia.  Accordingly, since BNBM had direct control over Taishan and its subsidiaries,

it should be held responsible for their sale of problematic drywall.

42. Defendant China National Building Material Co., Ltd. ("CNBM"), is a partially owned subsidiary of BNBM Group. Defendant, China National Building Material Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

43. Upon information and belief, defendant BNBM is owned and/or controlled by defendant Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), which is a state owned entity and respectively controlled by the Chinese government. Defendant BNBM Group caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

44. Upon information and belief, BNBM Group is owned and/or controlled by China National Building Materials Group Co. ("CNBM Group"), which is a state owned entity and respectively controlled by the Chinese government. CNBM Group is traded on the Hong Kong stock exchange. Defendant CNBM Group caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

45. Defendant CNBM USA Corp. is a California corporation with a principal place of business in California. By information and belief, CNBM USA

Corp. is a subsidiary of either BNBM, China National Building Material Co., Ltd., BNBM Group or CNBM Group. By information and belief, CNBM USA Corp. acted as an agent for BNBM, China National Building Material Co., Ltd., BNBM Group and/or CNBM Group by promoting and marketing the drywall at issue in this litigation to American suppliers. Accordingly, CNBM USA Corp. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

46. Defendant BNBM of American, Inc. ("BNBM America") is a Florida corporation with a principal place of business in Florida. By information and belief, BNBM America is a subsidiary of either BNBM, China National Building Material Co., Ltd., BNBM Group or CNBM Group. By information and belief, BNBM America acted as an agent for BNBM, China National Building Material Co., Ltd., BNBM Group and/or CNBM Group by promoting and marketing the drywall at issue in this litigation to American suppliers. Accordingly, BNBM America caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

47. Defendant BNBM USA is a indeterminate entity with an address that is unknown at this time. By information and belief, BNBM USA is a subsidiary of either BNBM, China National Building Material Co., Ltd., BNBM Group or

CNBM Group. By information and belief, BNBM USA acted as an agent for BNBM, China National Building Material Co., Ltd., BNBM Group, CNBM Group and/or the Taishan entities by promoting and marketing the drywall at issue in this litigation to American suppliers. Accordingly, BNBM USA caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

48. Defendant United Suntech Craft, Inc. ("United Suntech") is a California corporation with a principal place of business in California. By information and belief, United Suntech is a subsidiary of either BNBM, China National Building Material Co., Ltd., BNBM Group, CNBM Group, or CNBMI Co., Ltd. By information and belief, United Suntech acted as an agent for BNBM, China National Building Material Co., Ltd., BNBM Group, CNBM Group and/or CNBMI Co., Ltd. by promoting and marketing the drywall at issue in this litigation to American suppliers. Accordingly, United Suntech caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

49. Defendant CNBMI Co., Ltd. ("CNBMI") is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, California, and Virginia, and

---

**CLASS ACTION COMPLAINT**

California. By information and belief, CNBMI is a subsidiary of either BNBM, China National Building Material Co., Ltd., BNBM Group or CNBM Group. By information and belief, CNBMI is the parent corporation of United Suntech. By information and belief, CNBMI acted as an agent for BNBM, China National Building Material Co., Ltd., BNBM Group and/or CNBM Group by promoting and marketing the drywall at issue in this litigation to American suppliers. Accordingly, CNBMI caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

50. Upon information and belief, Defendant Changzhou Yinhe Wood Industry Co., Ltd., is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Changzhou Yinhe Wood Industry Co., Ltd. is involved in the manufacturing and/or sale of gypsum drywall. Upon information and belief, Changzhou Yinhe Wood Industry Co., Ltd. manufactured, sold, distributed, marketed and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Changzhou Yinhe Wood Industry Co., Ltd. has continuously and

systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Changzhou Yinhe Wood Industry Co., Ltd. manufactured and/or sold to certain suppliers in the United States.

51. Defendant Fuxin Taishan Gypsum And Building Material Co., Ltd., is a foreign corporation and is a subsidiary of Taishan. Defendant Fuxin Taishan Gypsum And Building Material Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

52. Defendant Hubei Taishan Building Material Co., Ltd. is foreign corporation and is a manufacturer of gypsum. Defendant Hubei Taishan Building Material Co., Ltd. is a subsidiary of Defendant BNBM. Defendant Hubei Taishan Building Material Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

53. Upon information and belief, Defendant Jinan Run & Fly New Materials Co., Ltd., is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Jinan Run & Fly New Materials Co., Ltd. is involved in the manufacturing and/or sale of gypsum drywall. Upon information and belief, Jinan Run & Fly New Materials Co., Ltd. manufactured, sold, distributed, marketed

and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Jinan Run & Fly New Materials Co., Ltd. has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Jinan Run & Fly New Materials Co., Ltd. manufactured and/or sold to certain suppliers in the United States.

54. Upon information and belief, Defendant Nanhai Silk Imp. & Exp. Corporation is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Nanhai Silk Imp. & Exp. Corporation is involved in the manufacturing and/or sale of gypsum drywall. Upon information and belief, Nanhai Silk Imp. & Exp. Corporation manufactured, sold, distributed, marketed and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Nanhai Silk Imp. &

Exp. Corporation has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Nanhai Silk Imp. & Exp. Corporation manufactured and/or sold to certain suppliers in the United States.

55. Upon information and belief, Defendant Pingyi Baier Building Materials Co., Ltd., is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Pingyi Baier Building Materials Co., Ltd. is involved in the manufacturing and/or sale of gypsum drywall. Upon information and belief, Pingyi Baier Building Materials Co., Ltd. manufactured, sold, distributed, marketed and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Pingyi Baier Building Materials Co., Ltd. has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Pingyi Baier Building Materials Co., Ltd. manufactured and/or sold to certain

suppliers in the United States.

56. Defendant Qinhuangdao Taishan Building Material Co., Ltd., is a foreign corporation and is a manufacturer of gypsum. Defendant Qinhuangdao Taishan Building Material Co., Ltd. is a subsidiary of Taishan. Defendant Qinhuangdao Taishan Building Material Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

57. Defendant Shanghai Yu Yuan Imp & Exp Co., Ltd. is a foreign corporation that is responsible for the import/export of the drywall at issue in this litigation to the United States. Defendant Shanghai Yu Yuan Imp & Exp Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

58. Defendant Sinkiang Tianshan Building Material And Gypsum Product Co., Ltd, is a foreign corporation and is a manufacturer of plasterboard. Defendant Sinkiang Tianshan Building Material And Gypsum Product Co., Ltd. is a subsidiary of Taishan. Defendant Sinkiang Tianshan Building Material And Gypsum Product Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

59. Defendant Sunrise Building Materials Ltd., is a Canadian Corporation

with its principle place of business located at Unit 7, 55 Nugget Ave., Scarborough, Toronto, ON, Canada, M15 3L1.  Sunrise Building Materials Ltd. is a supplier of drywall and related building products.  By information and belief, Sunrise Building Materials Ltd., supplied the drywall at issue in this litigation in certain of the affected states.

60.  Defendant Tai'an Jindun Building Material Co., Ltd., is a foreign corporation and is a manufacturer and wholesaler of gypsum products.  Defendant Tai'an Jindun Building Material Co., Ltd. has joint-stock agreement with Defendant BNBM.  Defendant Tai'an Jindun Building Material Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

61.  Defendant Taishan Gypsum Co., Ltd. Lucheng Branch is a foreign corporation that operates a manufacturing plant.  Defendant Taishan Gypsum Co., Ltd. Lucheng Branch is a subsidiary of Taishan.  Defendant Taishan Gypsum Co. Ltd. Lucheng Branch caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

62.  Defendant Taishan Gypsum (Baotou) Co., Ltd., is a foreign corporation and is a subsidiary of Taishan.  Defendant Taishan Gypsum (Baotou) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered,

supplied, inspected, marketed and/or sold.

63. Defendant Taishan Gypsum (Chongqing) Co., Ltd., is a foreign corporation and is a subsidiary of Taishan. Defendant Taishan Gypsum (Chongqing) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

64. Defendant Taishan Gypsum (Henan) Co., Ltd., is a foreign corporation and is a subsidiary of Taishan. Defendant Taishan Gypsum (Henan) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

65. Defendant Taishan Gypsum (Pingshan) Co., Ltd., is a foreign corporation and is a manufacturer of gypsum products. Defendant Taishan Gypsum (Pingshan) Co., Ltd. is a subsidiary of Taishan. Defendant Taishan Gypsum (Pingshan) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

66. Defendant Taishan Gypsum (Pizhou) Co., Ltd. is a foreign corporation and is a manufacturer of gypsum. Defendant Taishan Gypsum (Pizhou) Co. is a subsidiary of Taishan. Defendant Taishan Gypsum (Pizhou) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

67. Defendant Taishan Gypsum (Tongling) Co., Ltd., is a foreign corporation and is a subsidiary of Taishan. Defendant Taishan Gypsum (Tongling) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

68. Defendant Taishan Gypsum (Xiangtan) Co. Ltd., is a foreign corporation. Defendant Taishan Gypsum (Xiangtan) Co. Ltd. is a subsidiary of Taishan. Defendant Taishan Gypsum (Xiangtan) Co. Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

69. Defendant Yunan Taishan Gypsum And Building Material Co., Ltd., is a foreign corporation and is a manufacturer and wholesaler of gypsum products. Defendant Yunan Taishan Gypsum And Building Material Co., Ltd. has a joint-stock agreement with Defendant BNBM. Defendant Yunan Taishan Gypsum And Building Material Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

70. Defendant Shaanxi Taishan Gypsum Co., Ltd., is a foreign corporation and subsidiary of Taishan. Defendant Shaanxi Taishan Gypsum Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

71. Defendant Taishan Gypsum (Hengshui) Co., Ltd., is a foreign corporation and is a manufacturer of gypsum. Defendant Taishan Gypsum (Hengshui) Co. Ltd., is a subsidiary of Taishan. Defendant Taishan Gypsum (Hengshui) Co,. Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

72. Defendant Taishan Gypsum (Jiangyin) Co., Ltd., is a foreign corporation and is a manufacturer of gypsum. Defendant Taishan Gypsum (Jiangyin) Co., Ltd. is a subsidiary of Taishan. Defendant Taishan Gypsum (Jiangyin) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

73. Defendant Taishan Gypsum (Wenzhou) Co., Ltd., is a foreign corporation and is a subsidiary of Taishan. Defendant Taishan Gypsum (Wenzhou) Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

74. Defendant Beijing New Material Incubator Co., Ltd., is a foreign corporation and is a subsidiary of Defendant BNBM. Defendant Beijing New Material Incubator Co., Ltd. caused the drywall at issue in the case to be imported, distributed, delivered, supplied, inspected, marketed and/or sold.

75. Upon information and belief, Defendant Qingdao Yilie International

Trade Co., Ltd., is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Qingdao Yilie International Trade Co., Ltd. is involved in the manufacturing and/or sale of gypsum drywall. Upon information and belief, Qingdao Yilie International Trade Co., Ltd. manufactured, sold, distributed, marketed and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Qingdao Yilie International Trade Co., Ltd. has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Qingdao Yilie International Trade Co., Ltd. manufactured and/or sold to certain suppliers in the United States.

76. Upon information and belief, Defendant Shanghai East Best Arts & Crafts Co., Ltd., is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Shanghai East Best Arts & Crafts Co., Ltd. is involved in the manufacturing and/or sale of gypsum drywall. Upon information

and belief, Shanghai East Best Arts & Crafts Co., Ltd. manufactured, sold, distributed, marketed and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Shanghai East Best Arts & Crafts Co., Ltd. has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Shanghai East Best Arts & Crafts Co., Ltd. manufactured and/or sold to certain suppliers in the United States.

77. Upon information and belief, Defendant Siic Shanghai International Trade (Group) Co., Ltd., is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Siic Shanghai International Trade (Group) Co., Ltd. is involved in the manufacturing and/or sale of gypsum drywall. Upon information and belief, Siic Shanghai International Trade (Group) Co., Ltd. manufactured, sold, distributed, marketed and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including

but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Siic Shanghai International Trade (Group) Co., Ltd. has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Siic Shanghai International Trade (Group) Co., Ltd. manufactured and/or sold to certain suppliers in the United States.

78. Upon information and belief, Defendant Tianjin Tianbao Century Development Co., Ltd., is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Tianjin Tianbao Century Development Co., Ltd. is involved in the manufacturing and/or sale of gypsum drywall. Upon information and belief, Tianjin Tianbao Century Development Co., Ltd. manufactured, sold, distributed, marketed and/or placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, Virginia, and California. Tianjin Tianbao Century Development Co., Ltd. has continuously and systematically distributed and sold drywall to numerous

purchasers in the United States and their drywall is installed in numerous structures in the United States. Upon information and belief, Tianjin Tianbao Century Development Co., Ltd. manufactured and/or sold to certain suppliers in the United States.

79. Defendant, Shandong Oriental International Trading Corp., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

80. Defendant, Lianyungang Yuntai International Trade Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

81. Defendant, Shanghai Yuyuan Market Import & Export Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

82. Defendant, Orient International Holding Shanghai Foreign Trade Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written

CLASS ACTION COMPLAINT
38

in English designed for sale or resale in the United States.

83. Defendant, Qingdao Aoni Decoration Board and Materials Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

84. Defendant, Beijing Building Materials Import & Export Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

85. Defendant, Taian Taigao Trading Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

86. Defendant, Nantong Economic and Technological Development Zone Corporation, is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

87. Defendant, Qingdao Kanghong Import and Export Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells

Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

88. Defendant, Zhejiang Provincial Second Light Industry Enterprises Group Imp. & Exp. Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

89. Defendant, SIIC Shanghai International Trade Group Pudong Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

90. Defendant, Jiangsu Sainty International Economic & Technical Cooperation Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

91. Defendant, Zibo Interntional Economic and Technical Cooperation Corporation, is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

92. Defendant, Shanghai Kaidun Development Co., Ltd., is a foreign

corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

93.  Defendant, Shanghai Yujin Industry Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

94.  Defendant, Hangzhou Great Import and Export Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

95.  Defendant, Xuzhou Hanbang Global Trade Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

96.  Defendant, China Xuzhou International Economic & Technological Cooperation Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

97. Defendant, Jiangsu Easthigh Group Import & Export Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

98. Defendant, Qingdao Joy Industrial & Development Co., Ltd., is a foreign corporation that works collaboratively with Taishan that purchases and/or sells Taishan wallboard products with product markings written in English designed for sale or resale in the United States.

99. To the extent any of the foreign defendants are deemed to be foreign sovereign entities, including but not limited to Taishan, BNBM, China National Building Material Co., Ltd., BNBM Group and CNBM Group, Plaintiffs bring their claims against these entities pursuant to 28 U.S.C. § 1605(a)(2), the commercial activity exception to the Foreign Sovereign Immunities Act, or alternatively under § 1605(a)(5), the tortious act exception. Plaintiffs allege that the claims against the foreign defendants are based upon commercial activities carried on in the United States along with entities such as CNBM USA Corp, BNBM American, and United Suntech. The claims also seeks monetary damages against a foreign state for damage to property occurring in the United States, caused by the tortious acts or omissions of that foreign state, or of any official or employee of that foreign state

while acting within the scope of his office or employment.

**B.    The Non-Taishan Defendants**

100.  Defendant, Snead Door, LLC is an entity or individual with a principal place of business in Snead, Alabama.  Defendant is organized under the laws of Alabama.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

101.  Defendant, Mazer's Discount Home Centers, Inc. is an entity or individual with a principal place of business at 1112 King Street, Wilmington, Delaware.  Defendant is organized under the laws of Delaware.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

102.  Defendant, Ace Home Center, Inc. is an entity or individual with a principal place of business at 21090 State Highway 59, Robertsdale, Alabama 36567.  Defendant is organized under the laws of Alabama.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING DEFENDANTS' CONDUCT

**A.**  **THE TAISHAN DEFENDANTS PURPOSEFULLY AVAILED THEMSELVES OF THE BENEFITS OF CONDUCTING BUSINESS IN THE UNITED STATES AND COLLABORATED FOR PURPOSES OF CULTIVATING THE AMERICAN MARKET AND SELLING THEIR DRYWALL TO AMERICAN CONSUMERS**

103.  Many of the Taishan Defendants that sell and/or resell Taishan drywall with markings written in English for the explicit purpose of sale to the United States market, had counsel for Taishan state on their behalf but without entering an appearance on their behalf that they have no expectation whatsoever that they were going to purposely avail themselves of state markets of any particular state in the United States.

104.  Defendants were aware that their products were being sold in the United States notwithstanding this representation by their counsel.  For instance, during the time period when its drywall was being sold to American consumers, Taishan's website boasted that it was exporting large quantities of drywall to the United States and that its drywall complied with ISO quality standards.  In addition, Taishan's employees as well as the employees of its subsidiaries sent emails to potential customers boasting about their experience exporting large quantities of drywall to the United States and providing false assurances that their

drywall complied with ASTM quality standards.

105. The Taishan Defendants have not only purposefully availed themselves of the benefits of conducting business in the United States by marketing their products in the United States but also by establishing corporate entities with a physical presence in the United States. These entities were set up by the Taishan Defendants to further market and promote the sale of their products to American consumers. For instance, the Taishan Defendants have incorporated at least three entities in the United States (CNBM USA Corp, BNBM America and United Suntech) that operate within the United States and coordinate the sale of the Taishan Defendants' products to American customers. These domestic entities are part of a larger effort to cultivate a market for the Taishan Defendants' products in the United States.

106. By way of example of the Taishan Defendants' efforts to cultivate a market for their products in the United States, discovery has revealed communications by an individual using an e-mail address that includes the term "BNBM USA" as part of the address. Although Plaintiffs have been unable to locate an entity by the name of BNBM USA, it is presumed that the individual using this e-mail address is employed by one of the BNBM entities. The use of a "BNBM USA" e-mail address by a BNBM employee demonstrates that the Taishan

Defendants intended to market their products in the United States.

107. The Taishan Defendants also collaborated for purposes of cultivating the market in the United States and selling products to American consumers. Although Plaintiffs have been unable to locate an entity by the name of BNBM USA, the BNBM employee using the BNBM USA e-mail address coordinated the sale of Taishan products to American consumers. For instance, the individual using this e-mail address arranged for American customers to visit Taishan's factories in China.

108. By way of further example, Taishan and its subsidiaries operated as one entity for purposes of distributing drywall to the United States. For instance, TTP's employees often held themself out as Taishan employees through business cards and information communicated to potential customers via email. TTP's employees also participated in the sale of Taishan's drywall. Additionally, the sales people for Taishan and its subsidiaries would hold meetings to discuss matters involving the sale of drywall. Both Taishan and TTP also sold drywall under the same brand name.

**B. THE TAISHAN DEFENDANTS HAVE DELIBERATELY INCREASED PLAINTIFFS' LITIGATION EXPENSES, DELAYED THESE PROCEEDINGS AND THWARTED PLAINTIFFS' DISCOVERY EFFORTS**

109. Upon information and belief, the Taishan Defendants have deliberately delayed the progress of this litigation and taken measures to increase the litigation costs to plaintiffs. For instance, Defendants like Taishan have only entered their appearances in a case after being served with a complaint consistent with the requirements of Hague Convention. Taishan refuses to accept service of process even though it has entered its appearance in this litigation and is represented by counsel. Taishan's clear purpose in refusing to accept service of process is to delay the service of complaints and to force plaintiffs to incur hundreds of thousands of dollars in service costs.

110. Taishan also deliberately increased plaintiffs' litigation costs by offering inadequate witnesses for the jurisdictional deposition conducted in Hong Kong and by obstructing plaintiffs' efforts to obtain discovery from these witnesses. Notwithstanding that plaintiffs incurred tens of thousands of dollars to attend the depositions in Hong Kong, Taishan produced inadequate witnesses, retained a check interpreter who repeatedly interrupted the depositions, and did not allow adequate questioning of the witnesses.

111. Taishan also deliberately increased plaintiffs' litigation costs by refusing to participate in *Germano* until after plaintiffs had concluded default proceedings. Taishan was clearly aware of the *Germano* default proceedings since it managed to file an appeal within the time period contemplated by the Federal Rules of Civil Procedure. Instead of defending the case, Taishan allowed plaintiffs to incur additional litigation expenses while it observed the default proceedings. Taishan's appeal to the Fifth Circuit has further increased these litigation expenses to plaintiffs.

112. Upon information and belief, the Taishan Defendants have also taken deliberate measures in concert with one another, designed to thwart discovery and to hide the interrelated nature of the manufacturing defendants. For instance, defendants such as BNBM and their related entities have been served with various complaints and have been held in default since they refuse to enter an appearance or offer any defense in this litigation. The clear purpose of this refusal is to hide the company's ownership interests in defendants like Taishan and to avoid discovery on these and other topics, and deprive plaintiffs of the knowledge of their ownership and relationship with each other. These defendants intransigence and failure to participate in federal judicial proceedings highlights their fraudulent business practices in this jurisdiction.

C. **PLAINTIFFS ARE ENTITLED TO THE EQUITABLE TOLLING OF THEIR CLAIMS SINCE DEFENDANTS FRAUDULENTLY CONCEALED THEIR ROLE IN THE DISTRIBUTION AND SALE OF THE DRYWALL AT ISSUE IN THIS LITIGATION**

113. The Defendants in this litigation distributed their drywall in a manner that was designed to conceal their role in the manufacture, distribution and sale of their drywall. For instance, Taishan and its subsidiaries often distributed and sold drywall that was customized according to their customers' specifications (*i.e.*, Taishan and its subsidiaries distributed and sold drywall that was marked "Crescent City Gypsum, Inc."). This customized drywall failed to identify Taishan or any of its related companies as the manufacturer of the drywall. By manufacturing, distributing and selling drywall in this manner, Defendants intentionally or fraudulently concealed from the injured parties the ability to identify those defendants responsible for the problematic drywall that was installed in their homes.

114. The Defendants also employed a complex distribution scheme that made it difficult for injured parties to identify the parties responsible for the manufacture, distribution and sale of the drywall installed in their homes. For instance, much of TTP's drywall was exported by Beijing Building Materials Import & Export Co., Ltd. Many parties attempting to identify the manufacturer of

this drywall undoubtedly thought the manufacturer was BNBM, not TTP. By manufacturing, distributing and selling drywall in this manner, Defendants intentionally or fraudulently concealed from the injured parties the ability to identify those defendants responsible for the problematic drywall that was installed in their homes.

115. In light of this fraudulent concealment by Defendants, Plaintiffs are entitled to the equitable tolling of their claims.

## FACTS REGARDING DEFENDANTS' PROBLEMATIC DRYWALL

116. Defendants' drywall is predominantly composed of gypsum.

117. In "problematic drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold by Defendants herein), sulfur compounds exit the drywall.

118. The sulfur compounds, including Hydrogen Sulfide, Carbonyl Sulfide, and Carbon Disulfide, exit Defendants' drywall and cause rapid sulfidation and damage to personal property (such as air conditioning and refrigerator coils, faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

119. Exposure to the sulfur compounds that exit Defendants' drywall, causes personal injury resulting in eye problems, sore throat and cough, nausea,

fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

120. Although the drywall functions according to its intended purpose as a building component, it is unfit for this purpose due to the damaging side effects and/or because its use is so inconvenient that Plaintiffs would not have purchased Taishan drywall and/or their homes had the side effects been disclosed by Defendants.

121. As a direct and proximate result of Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' problematic drywall and the harmful effects of the sulfur compounds that exit from Defendants' problematic drywall.

122. Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed and/or sold the problematic drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused rapid sulfidation and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in eye problems, a sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

123. Defendants recklessly, wantonly, and/or negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed and/or

sold the problematic drywall at issue in this litigation.

124. Defendants recklessly, wantonly and/or negligently implemented faulty procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the problematic drywall at issue in this litigation.

125. As a direct and proximate result of Defendants' problematic and unfit drywall and the harmful effects of the sulfur compounds that exit these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

126. As a direct and proximate result of Defendants' problematic and unfit drywall and the harmful effects of the sulfur compounds that exit these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the problematic drywall and other property that has been impacted; lost value or devaluation of their homes, residences or structures and property as a direct result of damage caused to the property and indirect damage resulting from perceived defects to the property, including stigma damages; loss of use and enjoyment of their home and property; and/or damages associated with personal injuries.

127. As a direct and proximate result of Defendants' problematic and

unreasonably dangerous drywall and the harmful effects of the sulfur compounds that exit these products, Plaintiffs and the Class Members have been exposed to harmful sulfur compounds, suffered personal injury, have been placed at an increased risk of disease, and have need for injunctive relief in the form of repair and remediation of their home, recision of contracts, the ordering of emergency/corrective notice, the ordering of testing and monitoring, and/or the ordering of medical monitoring.

## FACTS REGARDING UNITED STATES AND CHINESE INVESTORS WHO AIDED AND ABETTED DEFENDANTS

128. J.P. Morgan Chase & Co. ("J.P. Morgan"), Morgan Stanley and certain other corporations and entities (collectively the "Investing Entities"), engaged in a deliberate and/or reckless course of conduct designed to aid and abet the Taishan Defendants in the manufacture, exporting, importing, distribution, delivery, supply, marketing, and/or sale of the problematic drywall at issue in this litigation.

129. By information and belief, but for these investments by the Investing Entities, the Taishan Defendants would not have been able to manufacture, export, import, distribute, deliver, supply, market, and/or sell the problematic drywall at issue in this litigation.

130. The Investing Entities were aware or should have been aware that the

Taishan Defendants were manufacturing, exporting, importing, distributing, delivering, supplying, marketing, and/or selling the problematic drywall at issue in this litigation with the intent to sell and distribute the drywall in the United States.

131. The Investing Entities were aware or should have been aware that the Taishan Defendants were manufacturing, exporting, importing, distributing, delivering, supplying, marketing, and/or selling the problematic drywall at issue in this litigation in a manner that would make it difficult for injured consumers (located in the United States) to accomplish service on the foreign defendants.

132. Notwithstanding their apparent knowledge and/or negligent failure to discover the tortious scheme by the foreign defendants, the Investing Entities purposefully made investments with these foreign defendants in a manner that was designed to shield them from liability to American property owners.

133. For instance, J.P. Morgan acquired a 12.3% interest in CNBM's tradeable shares with the understanding that this entity would profit from its exploitation of homeowners seeking to rebuild their lives after the devastation of hurricanes Rita and Katrina. This type of investment was ideal to the Investing Entities since these investments could be very profitable while avoiding the risk of loss where the foreign defendants can avoid the service of process by American consumers and responsibility for their tortious conduct.

134. Other entities that are known to own an interest in CNBM are Atlantis Investment Management Ltd., Schroder Investment Management Limited, Baillie Gifford & Co., Callander Alex, Menzies Robin, Plowden Charles, Telfer Andrew, Warden Alison, Whitley Sarah, and Government of Singapore Investment Corporation Pte Ltd.

135. Entities that are known to own an interest in BNBM are China Construction Bank, Cha Genlou, Industrial and Commercial Bank of China, Aerospace Science & Technology Finance Co., Ltd., China Social Insurance Fund Portfolia 108, Bank of China, Agricultural Bank of China, Zhongrong International Trust Co., Ltd.

136. By investing in entities such as CNBM and BNBM, the Investing Entities put themselves in a position to profit from the exploitation of American consumers who were injured by the Taishan Defendants.

137. Accordingly, the Investing Entities engaged in a course of conduct, individually and/or collectively, that caused the Plaintiffs' and Class Members' exposure to the problematic drywall at issue in this litigation by virtue of their interdependent conscious parallel conduct in investing in foreign entities responsible for the manufacture, exporting, importing, distribution, delivery, supply, inspection, marketing, and/or sale of the problematic drywall.

138.  Additional discovery will reveal the full role and responsibility of the Investing Entities for the damages incurred by Plaintiffs and Class Members and their potential as party defendants.

## CLASS ACTION ALLEGATIONS

### The TAISHAN CLASS

139.  All Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class comprised of:

> All owners and residents (past or present) of real property located in the United States containing problematic Chinese drywall manufactured, sold, distributed, and/or supplied by the Taishan Defendants.

### The Non-Taishan Subclasses (Subclasses 1-3)

140.  The representative Plaintiffs with claims against non-Taishan Defendants, set forth in the attached Exhibit "1" (the alignment of Plaintiffs and Defendants is depicted in Exhibit "1" for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the non-Taishan Defendants.  The designated Plaintiffs in Exhibit "1" define their subclasses to be as follows:

All owners and residents (past or present) of real property located in the United States containing Taishan's problematic drywall that was sold, distributed, supplied, marketed, inspected, imported, exported, brokered, or delivered by each defendant identified in Exhibit "1".

141. The non-Taishan subclasses identified in Exhibit "1" are comprised as follows:

| Subclass #1: | Snead Door, LLC |
| Subclass #2: | Mazer's Discount Home Centers, Inc. |
| Subclass #3: | Ace Home Center, Inc. |

**General Class Allegations and Exclusions from the Class Definitions**

142. The following Persons shall be excluded from the Class and Subclasses: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

143. Upon information and belief, the problematic and unreasonably dangerous drywall in Plaintiffs' homes or other structures was installed in at least hundreds of homes, residences, or other structures owned by Plaintiffs and Class Members. Therefore, the Classes and Subclasses are sufficiently numerous such that the joinder of all members of the Classes and Subclasses in a single action is impracticable.

144. There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Classes and/or Subclasses. Among these common questions of law and fact are the following:

a.    whether Defendants' drywall products are problematic and/or unfit for their intended purpose;

b.    whether Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold problematic drywall products;

c.    whether plaintiffs are entitled to recover compensatory, exemplary, incidental, consequential, and/or other damages as a result of Defendants' unlawful and tortious conduct; and

d.    whether plaintiffs are entitled to recover injunctive and/or equitable relief as a result of Defendants' unlawful and tortious conduct.

145. The legal claims of named Plaintiffs are typical of the legal claims of other Class and Subclass Members. Additionally, for each of the subclasses that named Plaintiffs seek to participate in, the legal claims of the named Plaintiffs are typical of the legal claims of other Subclass Members. Named Plaintiffs have the same legal interests and need for legal remedies as other Class and/or Subclass

Members.

146. Named Plaintiffs are adequate representatives of the Class and Subclasses in which they participate, together with their legal counsel, each will fairly and adequately protect the interests of Class and Subclass Members. Named Plaintiffs have no known conflict with the Class or Subclasses and are committed to the vigorous prosecution of this action.

147. The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving harmful products. Counsel will fairly and adequately protect the interests of the Classes and/or Subclasses.

148. The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class and/or Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class and Subclass members that would establish incompatible standards of conduct for the party opposing the Class and Subclass; or adjudications with respect to individual Class and Subclass members that, as a practical matter, would be dispositive of the interests of the other Class and Subclass members not parties to the individual adjudications or would substantially impair or impede their ability

to protect their interests.

149. The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the Class and/or Subclass, so that final injunctive relief is appropriate respecting the Class and/or Subclass as a whole.

150. A class action is superior in this case to other methods of dispute resolution. The Class and Subclass members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class and Subclass Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

151. The issues particularly common to the Class and Subclass members' claims, some of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

152. The representative plaintiffs and class counsel contemplate a comprehensive notice program for the Class and Subclass members that is consistent with the notice programs that have been approved by the Honorable Eldon E. Fallon who is presiding over the consolidated multidistrict litigation proceedings involving Chinese manufactured drywall. *See In re: Chinese-Manufactured Drywall Products Liability Litigation,* MDL 2047 (E.D. La.). Judge Fallon has approved two comprehensive notice programs involving class action settlements with the largest distributors of Chinese manufactured drywall in the states of Florida and Louisiana (Banner Supply Co. and Interior/Exterior Building Supply, L.P., respectively). The representative plaintiffs and class counsel contemplate similar notice programs for Class and Subclass members.

**COUNT I**
**NEGLIGENCE**
**(All Defendants)**

153. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

154. Defendants owed a duty to plaintiffs and class members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall, including a duty to adequately warn of their failure to do the

same.

155. Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

156. Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling the problematic drywall.

157. Defendants likewise breached their duties to plaintiffs and class members by failing to warn about the problematic nature of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the problematic drywall and the adverse effects that it could have on the property and bodies of plaintiffs and class members.

158. Defendants breached their duty to exercise reasonable care to timely remove and/or recall from the market and/or otherwise prevent the continued contact of plaintiffs and class members with the drywall, upon leaning it had been sold in an unreasonably dangerous condition.

159. Given the problematic nature of Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to plaintiffs and class members.

160. As a direct and proximate cause of Defendants' acts and omissions,

plaintiffs and class members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT II
## NEGLIGENCE PER SE
### (All Defendants)

161. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

162. Defendants owed statutory duties to plaintiffs and class members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

163. Defendants breached their statutory duties to the plaintiffs and class members by failing to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

164. Defendants likewise breached their statutory duties, including but not limited to those imposed under the International Building Code ("IBC") and other State and local Building Codes, to Plaintiffs and Class Members by failing to warn about the problematic nature of the drywall. For instance, it is specifically alleged that Defendants furnished the drywall in violation of ASTMC C 1396/C 1396M-069, and

its predecessor(s).

165. Defendants, through the exercise of reasonable care, knew or should have known the nature of the problematic drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

166. Given the problematic nature of Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to plaintiffs and class members.

167. As a direct and proximate cause of Defendants' acts and omissions, plaintiffs and class members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT III
## STRICT LIABILITY
### (All Defendants)

168. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

169. At all times relevant hereto, Defendants were in the business of distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

170. The drywall, including that installed in the homes of class members was placed by Defendants in the stream of commerce.

171. Defendants knew that the subject drywall would be used without inspection by consumers.

172. Defendants intended that the drywall reach the ultimate consumers, such as class members, and it indeed reached class members when it was installed in their homes.

173. When installed in class members' homes, the drywall was in substantially the same condition as it was in when Defendants manufactured, sold, and/or delivered it.

174. At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and instructions.

175. The subject drywall was not misused or altered by any third parties.

176. The Defendants' drywall was improperly manufactured, designed, inspected, tested, marketed, distributed, and sold.

177. The design impropriety was in designing drywall that allows high levels of sulfur compounds to exit the drywall.

178. The manufacturing impropriety was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur compounds that were too high and allow high levels of sulfur compounds to exit

the drywall.

179. The drywall was also problematic because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a unacceptable condition, as described above.

180. The Defendants' negligence in manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to class members.

181. The drywall is also problematic and unreasonably dangerous because Defendants failed to adequately warn and instruct class members of their negligent design, inspection, testing, manufacturing, marketing, and selling of the drywall.

182. Class Members were unaware of the unreasonably dangerous propensities and condition of the drywall, nor could class members, acting as reasonably prudent people discover that Defendants' drywall was problematic, as set forth herein, or perceive its danger.

183. Defendants' problematic drywall was much more dangerous and harmful than expected by the average consumer and by class members.

184. Defendants' problematic drywall benefit to class members, if any, was greatly outweighed by the risk of harm and danger to them.

185. The harmful and dangerous propensities of the drywall, as well as

---

CLASS ACTION COMPLAINT
66

Defendants' failure to adequately warn class members of these propensities rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages and/or personal injuries to class members.

## COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

186. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

187. Defendants and/or their agents were in privity with plaintiffs and class members and/or plaintiffs and class members were foreseeable third party beneficiaries of any warranty.

188. At the times Defendants utilized, supplied, inspected, and/or sold this drywall for use in structures owned by plaintiffs and class members, Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in structures owned by plaintiffs and class members for use as a building material, and expressly or impliedly warranted the product to be fit for that use.

189. Defendants placed their drywall products into the stream of commerce in a problematic condition and these products were expected to, and did, reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

190. Although the drywall functions according to its intended purpose as a building component, it is unfit, problematic as alleged in Paragraph 120 and not merchantable for this purpose due to the damaging side effects and/or because its use is so inconvenient that Plaintiffs would not have purchased their homes had the side effects been disclosed by Defendants.

191. The Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in structures owned by plaintiffs and class members as a building material) due to the problems set forth herein.

192. Defendants had reasonable and adequate notice of the plaintiffs' and the class members' claims for breach of warranty and failed to cure.

193. As a direct and proximate cause of Defendants' breach of warranties, plaintiffs and class members have incurred harm and damages and/or personal injuries as described herein.

### COUNT V
### REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

194. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

195. The drywall manufactured, distributed and/or sold by Defendants was not

reasonably fit for its ordinary and intended purpose as alleged in Paragraph 120 above.

196. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises, in accordance with La. Civ. Code art. 2524.

197. In addition, or in the alternative, the drywall manufactured, distributed and/or sold by Defendants contained redhibitory defects, in that, at the time of delivery, the propensity to allow sulfur compounds to exit the drywall renders the drywall so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known of the redhibitory defect or defects.

198. In the alternative, the defects are redhibitory defects in that, while not rendering the drywall totally useless, diminish the drywall's use and/or value to such an extent that it must be presumed that the buyer would have bought it, but for a lesser price.

199. The Defendants are conclusively presumed to know of the redhibitory defects in the drywall manufactured by them.

200. In addition, it is believed and alleged that Defendants knew of the redhibitory defects in the drywall at the time the drywall was delivered and/or sold.

201. Defendants have had numerous opportunities to repair and/or replace the drywall and associated fixtures and/or building components and have failed to do so; in addition, and/or in the alternative, such requests have been, would have been and/or

would be futile. All Defendants, in addition, or alternatively, had actual knowledge of the problems in the drywall and the need for replacement, remediation and/or repair.

202. All Defendants are therefore liable to all Louisiana Plaintiffs for a return of the purchase price, (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the drywall and associated items, for damages, and for reasonable attorneys' fees, in accordance with La. Civ. Code art. 2545.

<u>**COUNT VI**</u>
**LOUISIANA PRODUCTS LIABILITY ACT**
**(Manufacturing Defendants)**
**(Pleaded in the Alternative Against Distributor Defendants)**

203. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

204. In addition to any and all damages, attorneys fees and other remedies made available to Louisiana Plaintiffs under the warranty of fitness and/or warranty against redhibitory defects, the Manufacturing Defendants are liable to Louisiana Plaintiffs under the Louisiana Products Liability Act, ("LPLA"), La. R.S. 9:2800.51, *et seq.*

205. The LPLA is also pleaded in the alternative with respect to any Distributor Defendant who might be considered a "manufacturer" under La. R.S. 9:2800.53(1)(a)

(labels or otherwise holds the drywall out as his own), 9:2800.53(1)(b) (exercises control over or influences a characteristic of the drywall causing damage), 9:2800.53(1)(c) (the manufacturer of a product which contains the drywall as a component part), and/or 9:2800.53(1)(d) (a seller of a product of an alien manufacturer where the seller is in the business of importing or distributing the drywall for resale and is the *alter ego* of the alien manufacturer).

206. The Manufacturing Defendants, upon information and belief, expressly warranted that the drywall they manufactured and sold was guaranteed to be free from defects in materials and workmanship.

207. The drywall at issue is, in all cases, unreasonably dangerous by virtue of the unreasonable emission of sulfur compounds which do not in any way contribute to or enhance the utility of the drywall, yet pose a risk to the wiring, plumbing, appliances, personal property, overall economic value of the property and financial security of the owner, and/or the health of the residents of the property.

208. At all times pertinent and material hereto, there existed alternative feasible manufacturing processes and/or designs of drywall which perform all of the functions and utility of traditional drywall, without allowing unreasonable levels of sulfur compounds to exit the drywall.

209. At all times pertinent and material hereto, Manufacturing Defendants

(and/or Distributer Defendants who may be considered "manufacturers" under the LPLA) knew that their drywall was unreasonably dangerous and/or problematic as set forth herein.

210. In the alternative, Manufacturing Defendants (and/or Distributer Defendants who may be considered "manufacturers" under the LPLA) should have, at all times pertinent and material hereto, known of the unreasonably dangerous and/or problematic characteristics and/or conditions, had they reasonably employed then-existing scientific and/or technical knowledge, reasonable testing, and/or other reasonable and then-accepted methods of quality assurance and/or quality control.

211. Defendants' drywall is unreasonably dangerous in composition or construction in that, at the time it left Defendant's control, it deviated in a material way from Defendant's own specifications or performance standards.

212. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in design, in that, at the time the drywall left Defendant's control, there existed an alternative design for the product that was capable of preventing Plaintiffs' damage, and the likelihood of causing the plaintiffs' damage and the gravity of that harm outweighed the burden (if any) on the Defendant in adopting such alternative design and the adverse effect (if any) on the utility of the drywall.

213. In addition, and in the alternative, Defendants' drywall is unreasonably

dangerous in that it fails to conform to an express warranty about the product which induced the use of the product and caused damage to Plaintiffs to the extent that the warranty was untrue.

214. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous due to an inadequate warning, in that, at the time the drywall left Defendant's control, the drywall possessed a characteristic that might cause damage and yet Defendant failed to use reasonable care to provide an adequate warning of such characteristics and/or dangers to users and/or handlers of the drywall.

215. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises.

### COUNT VII
### PRIVATE NUISANCE
### (All Defendants)

216. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

217. The Defendants' tortious or wrongful acts or omissions have caused sulfur compounds and/or other chemical leaching into structures owned by Plaintiffs and Class Members which has unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them harm and damage as discussed herein.

218. Defendants' interference has impaired the rights of Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

219. Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

220. The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

221. Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' and Class Members' damages, injuries, harm, loss, and increased risk of harm, which they suffered and will continue to suffer.

222. As a direct and proximate cause of Defendants' creation of a private nuisance, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT VIII
## UNJUST ENRICHMENT
### (All Defendants)

223. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

224. Defendants received money as a result of plaintiffs' and class members' purchases of Defendants' problematic drywall, or purchases of structures containing

this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

225. Defendants' acceptance and retention of these benefits under the circumstances make it inequitable and unjust for Defendants to retain the benefit without payment of the value to the plaintiffs and the class members.

226. Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

## COUNT IX
### VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

227. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

228. This is an action for relief under the various Consumer Protection Acts of the jurisdictions in which affected properties are present, including but not limited to, L.SA-R.S. 51:1401, *et seq.* (Louisiana Unfair Trade Practices and Consumer Protection Law); Ala. Code 1975 § 8-19-1, *et seq.* (Alabama Deceptive Trade Practices Act); G.S. § 75-1.1, *et seq.* (North Carolina Consumer Protection Act); F.S. § 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices Act); Va. Code. Ann. § 59.1-196, *et seq.* (Virginia Consumer Protection Act); Tex. Bus. Com. Code Ann. § 17.41, *et seq.* (Texas Deceptive Trade Practices-Consumer Protection Act); Miss.

Code Ann. § 75-24-1, *et seq*. (Mississippi Consumer Protection Act); Cal. Bus. & Prof. code section 17200, *et seq*. and Cal. Civ. Code Ann. § 1770 (California Unfair Competition Law and California's Consumer Legal Remedies Act).

229. The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this complaint, including but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of problematic drywall constitute violation of the provisions of the Consumer Protection Acts of the Relevant States.

230. Plaintiffs and class members have suffered actual damages as a result of Defendants' violation of these Consumer Protection Acts and are entitled to relief.

231. As a direct and proximate cause of Defendants' violations of the Consumer Protection Acts of the Relevant States, plaintiffs and class members have incurred harm and damages as described herein.

## COUNT X
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

232. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

233. Plaintiffs and the class members are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

234. Plaintiffs and the class members will suffer irreparable harm if the Court does not render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not ordered to recall, buy back, rescind, and/or repair the structures owned by plaintiffs and class members.

235. Plaintiffs, on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1) to buy back or rescind the contracts for sale of the drywall installed in plaintiffs' and class members' homes or other structures, or in the alternative, remediate, repair and/or replace the drywall in such structures upon proof by the defendants of the feasibility of such remedy or repair; (2) cease and desist from misrepresenting to the Class and the general public that the drywall is not problematic and/or unreasonably dangerous as alleged herein; (3) institute, at their own cost, a public awareness campaign to alert the class and general public of the harm and dangers associated with the drywall; and (4) create, fund, and support a medical monitoring program.

236. Until Defendants' problematic drywall has been removed and remediated, Defendants must provide continued air monitoring in the structures owned by plaintiffs and class members.

237. Plaintiffs and class members have been exposed to greater than normal levels of sulfur compounds as a result of exposures to Defendants' problematic and unfit drywall and have suffered personal injuries as a result.

238. The sulfur compounds which exit from the Defendants' drywall and to which plaintiffs and class members have been exposed are proven unreasonably dangerous.

239. Plaintiffs' and class members' exposures were caused by the Defendant's negligent or otherwise tortious conduct.

240. Plaintiffs' and class members' exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

241. The method and means for diagnosing the plaintiffs' and class members' potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the plaintiffs and class members by preventing or minimizing health problems that they may encounter as a result of the problematic and unfit drywall.

242. As a proximate result of their exposure to sulfide and other noxious compounds from Defendants' problematic and unfit drywall, plaintiffs and class

members have developed a significantly increased risk of contracting a serious latent disease.

243. Monitoring procedures exist that make the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

244. The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the class members, hereby demand a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a. an order certifying the case as a class action;

b. an order certifying the class;

c. an order appointing plaintiffs as the class representatives of the class;

d. an order appointing undersigned counsel and their firms as counsel for the class;

e. compensatory and statutory damages;

**CLASS ACTION COMPLAINT**
79

f.   punitive damages as allowed by law;

g.   pre and post-judgment interest as allowed by law;

h.   injunctive relief;

I.   an award of attorneys' fees as allowed by law;

j.   an award of taxable costs; and

k.   any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 18, 2011

PIETER M. O'LEARY, ESQ. SBN 242846
**BURDMAN & WARD**
12555 High Bluff Drive, Suite 380
San Diego, CA 92130
(858) 350-4040 (phone)
(858) 350-4041 (fax)

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT
80

## COURT APPOINTED PLAINTIFFS' STEERING
## COMMITTEE IN MDL 2047 - OF COUNSEL TO PLAINTIFFS

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN, HERMAN, KATZ
  & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL
2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
BARRIOS, KINGSDORF
  & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Robert C. Josefsberg
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com

Bruce William Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
COLSON, HICKS, EIDSON, COLSON
  MATTHEWS, MARTINEZ, GONZALES,
  KALBAC & KANE
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

---

**CLASS ACTION COMPLAINT**

81

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS,
MITCHELL ECHSNER
  & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
PARKER, WAICHMAN, ALONSO LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
LUMPKIN & REEVES
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
LEWIS & ROBERTS
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

CLASS ACTION COMPLAINT
82

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**OF COUNSEL TO COURT APPOINTED PLAINTIFFS' STEERING COMMITTEE IN MDL 2047 - OF COUNSEL TO PLAINTIFFS**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

---

## COUNSEL FOR INDIVIDUAL PLAINTIFFS[2]

### Allison Grant, P.A.,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Haya, Laura and Haya, Daniel and Irene

### Berniard Law Firm, Gregory DiLeo and Kanner & Whiteley,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Wiltz, Kenneth & Barbara

### Baron & Budd and Alters Law Firm
*Counsel on Behalf of the Following Individual Plaintiffs:*

Amorin, Eduardo and Carmen

### Burdman & Ward and Barrios, Kingsdorf & Casteix, LLP
*Counsel on Behalf of the Following Individual Plaintiffs:*

Ho, Victor V. & Nguyen, Shirley A.
Ngo, Huy Thinh, aka, Bruce Ngo
La, No Thi
Ngo, Peter Phung K. aka, Peter Ngo
& Kimberly Nguyen

### Herman, Herman, Katz & Colar, LLP,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Quartararo, Joseph
Vapy, Cathy Parker

---

[2]Attached hereto as Exhibit "2" is the contact information for each plaintiff's counsel and pro se plaintiff.

**Levin, Fishbein, Sedran & Berman**
**Colson, Hicks, Eidson, Colson, Matthews, Martinez, Gonzales,**
**Kalbac & Kane; Hausfeld, LLP, Law Offices of Richard J. Serpe**

*Counsel on Behalf of the Following Individual Plaintiffs*:

| | | |
|---|---|---|
| Fong, Charmaine | Cassandra | Vest, Hugh & Tracy |
| Frankze, Julianne | Hand, Bryon | |
| & Joshua | Popovitch, Robert | |
| Gallardo, Arledys | Purse, Jason | |
| | Topf, Frank & Yvonne | |
| Fontenot, Perry & | | |

**McCallum, Hoaglund, Cook & Irby, LLP**
*Counsel on Behalf of the Following Individual Plaintiffs*:

| | | |
|---|---|---|
| Abner, Rochelle & Jose | Grasso, William & Debra | Peppers, June |
| Austin, Jason & Tara | Harris, Brandon & Jessica | |
| Ayers, Carrie & Randy | Myers, Matthew | |
| Diffley, Matthew & Christa | Smith, Barry & Markita | |
| Goldberg, Joan | | |

**Parker Waichman Alonso, LLP,**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Abel, Kenneth

# EXHIBIT 1

*Rochelle and Jose Abner, et al. v. Taishan Gypsum Co., Ltd.*
*f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*

Exhibit "1" – Plaintiffs With Claims Against Non-Taishan Defendants

| | Plaintiff(s) | Current Address and Citizenship of plaintiff(s) | Firm(s) representing Plaintiff(s) and Address(es) of Firm(s) | Distributor Defendant/ Exporter/Importer/ Broker Defendant |
|---|---|---|---|---|
| 1. | Abner, Rochelle and Jose | 1528 Mims Street Birmingham, Alabama 35211 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |
| 2. | Austin, Jason and Tara | 403 Dearmanville Drive South Anniston, Alabama 36207 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |
| 3. | Ayers, Carrie and Randy | 413 Woodvale Lane Homewood, Alabama 35209 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |
| 4. | Diffley, Matthew and Christa | 7484 Dickey Springs Road Bessemer, Alabama 35022 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |

Exhibit "1"

*Rochelle and Jose Abner, et al. v. Taishan Gypsum Co., Ltd.*
*f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*

### Exhibit "1" – Plaintiffs With Claims Against Non-Taishan Defendants

| | Plaintiff(s) | Current Address and Citizenship of plaintiff(s) | Firm(s) representing Plaintiff(s) and Address(es) of Firm(s) | Distributor Defendant/ Exporter/Importer/ Broker Defendant |
|---|---|---|---|---|
| 5. | Everette, Charles Eugene and Dawn | 939 Rothley Avenue Fairhope, Alabama 36532 | McCallum, Hoaglund, Cook & Irby, LLP | Ace Home Center, Inc. (3) |
| 6. | Goldberg, Joan | 58 Sunny Meadows Drive Talladega, Alabama 35160 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |
| 7. | Grasso, William and Debra | 3500 Griffitt Bend Road Talladega, Alabama 35160 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |
| 8. | Harris, Brandon and Jessica | 881 Thomason Road Albertville, Alabama 35951 | McCallum, Hoaglund, Cook & Irby, LLP | Snead Door, LLC (1) |

EXHIBIT "1"

*Rochelle and Jose Abner, et al. v. Taishan Gypsum Co., Ltd.
f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*

**Exhibit "1" – Plaintiffs With Claims Against Non-Taishan Defendants**

| | Plaintiff(s) | Current Address and Citizenship of plaintiff(s) | Firm(s) representing Plaintiff(s) and Address(es) of Firm(s) | Distributor Defendant/ Exporter/Importer/ Broker Defendant |
|---|---|---|---|---|
| 9. | Myers, Matthew | 1305 2nd Avenue North Birmingham, Alabama 35203 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |
| 10. | Smith, Barry and Markita | 5573 Park Side Circle Birmingham, Alabama 35226 | McCallum, Hoaglund, Cook & Irby, LLP | Mazer's Discount Home Centers, Inc. (2) |
| 11. | Peppers, June | 178 Lee Ridge Drive Altoona, Alabama 35952 | McCallum, Hoaglund, Cook & Irby, LLP | |

EXHIBIT "1"

# EXHIBIT 2

*Rochelle and Jose Abner, et al. v. Taishan Gypsum Co., Ltd.*
*f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*

### Exhibit "2"–Plaintiffs' Counsel and Plaintiffs' Contact Information in for Counsel

| PLAINTIFFS' COUNSEL |
| --- |
| Scott A. Burdman<br>D. Robert Ward<br>Pieter M. O'Leary<br>BURDMAN & WARD<br>12555 High Bluff Drive, Suite 380<br>San Diego, CA 92130<br>(858) 350-4040 (phone)<br>(858) 350-4041 (fax) |
| Allison Grant<br>ALLISON GRANT, P.A.<br>950 Peninsula Corporate Circle<br>Suite 1022<br>Boca Raton, FL  33487<br>Phone:  (561) 994-9646<br>agrant@allisongrantpa.com |
| Jeremy W. Alters<br>ALTERS LAW FIRM, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@alterslaw.com |

| PLAINTIFFS' COUNSEL |
|---|
| Bruce William Steckler<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com |
| Dawn M. Barrios<br>BARRIOS, KINGSDORF<br>& CASTEIX, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com |
| Daniel E. Becnel, Jr.<br>BECNEL LAW FIRM. LLC<br>P.O. Drawer H<br>106 W. Seventh Street<br>Reserve, LA 70084<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>dbecnel@becnellaw.com |
| Jeffrey Berniard<br>BERNIARD LAW FIRM, LLC<br>643 Magazine Street, Suite 402<br>New Orleans, LA 70130<br>Phone: (504) 527-6225<br>Fax: (504) 617-6300<br>Jeffberniard@laclaim.com |

| PLAINTIFFS' COUNSEL |
|---|
| Ervin A. Gonzalez<br>COLSON, HICKS, EIDSON, COLSON<br> MATTHEWS, MARTINEZ, GONZALES,<br> KALBAC & KANE<br>255 Alhambra Circle, Penthouse<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com |
| Gregory Dileo<br>300 Lafayette Street, Suite 101<br>New Orleans, LA 70130<br>Phone: (504) 522-3456<br>Fax: (504) 522-3888<br>jjochumnola@gmail.com |
| Gerald E. Meunier<br>GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, LLC<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Fax: (504) 528-9973<br>gmeunier@gainsben.com |
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com |

| PLAINTIFFS' COUNSEL |
|---|
| Russ M. Herman<br>Leonard A. Davis<br>Stephen J. Herman<br>HERMAN, HERMAN, KATZ<br>  & COTLAR, LLP<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>Phone: (504) 581-4892<br>Fax: (504) 561-6024<br>Ldavis@hhkc.com |
| Alan Kanner<br>KANNER & WHITELEY, L.L.C.<br>701 Camp Street<br>New Orleans, LA 70130<br>Phone: (504) 524-5777<br>Fax: (504) 524-5763<br>M.Fuselier@kanner-law.com |
| Hugh P. Lambert<br>LAMBERT AND NELSON<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>hlambert@lambertandnelson.com |
| Andrew A. Lemmon<br>LEMMON LAW FIRM, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com |

| PLAINTIFFS' COUNSEL |
|---|
| Arnold Levin<br>Fred S. Longer<br>Matthew C. Gaughan<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Phone: (215) 592-1500<br>Fax: (215) 592-4663<br>Alevin@lfsblaw.com |
| Ben W. Gordon, Jr.<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL ECHSNER<br>  & PROCTOR, P.A.<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020<br>bgordon@levinlaw.com |
| Daniel K. Bryson<br>LEWIS & ROBERTS<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com |
| James Robert Reeves<br>LUMPKIN & REEVES<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com |

| PLAINTIFFS' COUNSEL |
|---|
| Eric Hoaglund<br>MCCALLUM, HOAGLUND, COOK & IRBY, LLP<br>905 Montgomery Highway, Suite 201<br>Vestavia Hills, AL 35216<br>Phone: (205) 824-7767<br>Fax: (205) 824-7768<br>ehoaglund@mhcilaw.com |
| Scott Wm. Weinstein<br>MORGAN & MORGAN<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>sweinstein@forthepeople.com |
| Jerrold Seth Parker<br>PARKER, WAICHMAN, ALONSO LLP<br>3301 Bonita Beach Road<br>Bonita Springs, FL 34134<br>Phone: (239) 390-1000<br>Fax: (239) 390-0055<br>Jerry@yourlawyer.com |
| Robert C. Josefsberg<br>PODHURST ORSECK, P.A.<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>rjosefsberg@podhurst.com |

| PLAINTIFFS' COUNSEL |
|---|
| Christopher Seeger<br>SEEGER WEISS, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |
| Richard J. Serpe<br>LAW OFFICES OF RICHARD J. SERPE<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Rochelle and Jose Abner; Eduardo and Carmen Amorin; Jason and Tara Austin; Kenneth Abel; Carrie and Randy Ayers; [Additional plaintiffs on Attachment 1 hereto] | Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co. [Additional defendants on Attachment 2 hereto] |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Scott A. Burdman, SBN 108265    12555 High Bluff Dr., Ste. 380<br>Pieter M. O'Leary, SBN 242846    San Diego, CA 92130<br>Burdman & Ward    (858) 350-4040 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☒ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV11 01787

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | Alabama, Florida, Louisiana and Virginia |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Alabama, Delaware, China and Canada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County/Los Angeles County | Alabama, Florida, Louisiana and Virginia |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Peter M. Ocheu_   Date _11/18/2011_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT 1 TO CIVIL COVER SHEET

MATTHEW AND CHRISTA DIFFLEY; CHARLES EUGENE AND DAWN EVERETTE; ARLEDYS GALLARDO; JOAN GOLDBERG; WILLIAM AND DEBRA GRASSO; CHARMAINE FONG; PERRY AND CASSANDRA FONTENOT; JULIANNE AND JOSHUA FRANKZE; BRYON HAND; BRANDON AND JESSICA HARRIS; LAURA HAYA, DANIEL HAYA AND IRENE HAYA; VICTOR V. HO and SHIRLEY A. NGUYEN; NO THI LA; MATTHEW MYERS; HUY THINH NGO, aka, BRUCE NGO, PETER PHUNG K. NGO aka PETER NGO & KIMBERLY NGUYEN; JUNE PEPPERS; ROBERT POPOVITCH; JASON PURSE; JOSEPH QUARTARARO; BARRY AND MARKITA SMITH; FRANK AND YVONNE TOPF; CATHY PARKER VAPY; HUGH AND TRACY VEST; AND KENNETH AND BARBARA WILTZ

## ATTACHMENT 2 TO CIVIL COVER SHEET

QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO TAISHAN BUILDING; MATERIALS CO., LTD.; BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO.; CHINA NATIONAL BUILDING MATERIAL CO., LTD.; BEIJING NEW BUILDING MATERIALS (GROUP) CO., LTD.; CHINA NATIONAL BUILDING MATERIALS GROUP CO.; CNBM USA CORP.; BNBM OF AMERICA, INC.; BNBM USA; UNITED SUNTECH CRAFT, INC.; CNBMI CO., LTD.; CHANGZHOU YINHE WOOD INDUSTRY CO., LTD.; FUXIN TAISHAN GYPSUM AND BUILDING MATERIAL CO., LTD.; HUBEI TAISHAN BUILDING MATERIAL CO., LTD.; JINAN RUN & FLY NEW MATERIALS CO., LTD.; NANHAI SILK IMP. & EXP. CORPORATION; PINGYI BAIER BUILDING MATERIALS CO., LTD.; QINHUANGDAO TAISHAN BUILDING MATERIAL CO., LTD.; SHANGHAI YU YUAN IMP & EXP CO., LTD.; SINKIANG TIANSHAN BUILDING MATERIAL AND GYPSUM PRODUCT CO., LTD.; SUNRISE BUILDING MATERIALS LTD.; TAI'AN JINDUN BUILDING MATERIAL CO., LTD.; TAISHAN GYPSUM CO., LTD. LUCHENG BRANCH; TAISHAN GYPSUM (BAOTOU) CO., LTD.; TAISHAN GYPSUM (CHONGQING) CO., LTD.; TAISHAN GYPSUM (HENAN) CO., LTD.; TAISHAN GYPSUM (PINGSHAN) CO., LTD.; TAISHAN GYPSUM (PIZHOU) CO., LTD.; TAISHAN GYPSUM (TONGLING) CO., LTD.; TAISHAN GYPSUM (XIANGTAN) CO. LTD.; YUNAN TAISHAN GYPSUM AND BUILDING MATERIAL CO., LTD.; SHAANXI TAISHAN GYPSUM CO., LTD.; TAISHAN GYPSUM (HENGSHUI) CO., LTD.; TAISHAN GYPSUM (JIANGYIN) CO., LTD.; TAISHAN GYPSUM (WENZHOU) CO., LTD.; BEIJING NEW MATERIAL INCUBATOR CO., LTD.; QINGDAO YILIE INTERNATIONAL TRADE CO., LTD.; SHANGHAI EAST BEST ARTS & CRAFTS CO., LTD.; SIIC SHANGHAI INTERNATIONAL TRADE (GROUP) CO., LTD.; TIANJIN TIANBAO CENTURY DEVELOPMENT CO., LTD.; SHANDONG ORIENTAL INTERNATIONAL TRADING CORP.; LIANYUNGANG YUNTAI INTERNATIONAL TRADE CO., LTD.; SHANGHAI YUYUAN MARKET IMPORT & EXPORT CO., LTD.; ORIENT INTERNATIONAL HOLDING SHANGHAI FOREIGN TRADE CO., LTD.; QINGDAO AONI DECORATION BOARD AND MATERIALS CO., LTD.; BEIJING BUILDING MATERIALS IMPORT & EXPORT CO., LTD.; TAIAN TAIGAO TRADING CO., LTD.; NANTONG ECONOMIC AND TECHNOLOGICAL DEVELOPMENT ZONE CORPORATION; QINGDAO KANGHONG IMPORT AND EXPORT CO., LTD.; ZHEJIANG PROVINCIAL SECOND LIGHT INDUSTRY ENTERPRISES GROUP IMP. & EXP. CO., LTD.; SIIC SHANGHAI INTERNATIONAL TRADE GROUP PUDONG CO., LTD.; JIANGSU SAINTY INTERNATIONAL ECONOMIC & TECHNICAL COOPERATION CO., LTD.; ZIBO INTERNTIONAL ECONOMIC AND TECHNICAL COOPERATION CORPORATION; SHANGHAI KAIDUN DEVELOPMENT CO., LTD.; SHANGHAI YUJIN INDUSTRY CO., LTD.; HANGZHOU GREAT IMPORT AND EXPORT CO., LTD.; XUZHOU HANBANG

GLOBAL TRADE CO., LTD.; CHINA XUZHOU INTERNATIONAL ECONOMIC & TECHNOLOGICAL COOPERATION CO., LTD.; JIANGSU EASTHIGH GROUP IMPORT & EXPORT CO., LTD.; QINGDAO JOY INDUSTRIAL & DEVELOPMENT CO., LTD.; SNEAD DOOR, LLC; MAZER'S DISCOUNT HOME CENTERS, INC.; AND ACE HOME CENTERS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1787 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| Rochelle and Jose Abner<br>(See attached for additional plaintiffs)<br>*Plaintiff* | )<br>)<br>)<br>) | **SACV11-01787** DOC(RNBx) |
| v. | )<br>)<br>) | Civil Action No. |
| Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe<br>Dongxin Co., Ltd. (See attached for additional. def's)<br>*Defendant* | )<br>)<br>) | |

## SUMMONS IN A CIVIL ACTION

TO: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    SCOTT A. BURDMAN, ESQ.
PIETER M. O'LEARY, ESQ.
BURDMAN & WARD
12555 High Bluff Drive, Suite 380
San Diego, CA 92130

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

AMY DeAVILA

Date: November 18, 2011

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____       _____
                                                                *Server's signature*

                                         _____
                                                                *Printed name and title*


                                         _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

## ADDITIONAL PLAINTIFFS

EDUARDO AND CARMEN AMORIN
JASON AND TARA AUSTIN
KENNETH ABEL
CARRIE AND RANDY AYERS
MATTHEW AND CHRISTA DIFFLEY
CHARLES EUGENE AND DAWN EVERETTE
ARLEDYS GALLARDO
JOAN GOLDBERG
WILLIAM AND DEBRA GRASSO
CHARMAINE FONG
PERRY AND CASSANDRA FONTENOT
JULIANNE AND JOSHUA FRANKZE
BRYON HAND
BRANDON AND JESSICA HARRIS
LAURA HAYA, DANIEL HAYA AND IRENE HAYA
VICTOR V. HO and SHIRLEY A. NGUYEN, NO THI LA
MATTHEW MYERS
HUY THINH NGO, aka, BRUCE NGO, PETER PHUNG K. NGO aka PETER NGO &
KIMBERLY NGUYEN
JUNE PEPPERS
ROBERT POPOVITCH
JASON PURSE
JOSEPH QUARTARARO
BARRY AND MARKITA SMITH
FRANK AND YVONNE TOPF
CATHY PARKER VAPY
HUGH AND TRACY VEST
KENNETH AND BARBARA WILTZ,

## ADDITIONAL DEFENDANTS

TAIAN TAISHAN PLASTERBOARD CO., LTD.
QINHUANGDAO TAISHAN BUILDING MATERIALS CO., LTD. A/K/A QINHUANG DAO
TAISHAN BUILDING MATERIALS CO., LTD.
BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO.
CHINA NATIONAL BUILDING MATERIAL CO., LTD.
BEIJING NEW BUILDING MATERIALS (GROUP) CO., LTD.

CHINA NATIONAL BUILDING MATERIALS GROUP CO.

CNBM USA CORP.

BNBM OF AMERICA, INC.

BNBM USA

UNITED SUNTECH CRAFT, INC.

CNBMI CO., LTD.

CHANGZHOU YINHE WOOD INDUSTRY CO., LTD.

FUXIN TAISHAN GYPSUM AND BUILDING MATERIAL CO., LTD.

HUBEI TAISHAN BUILDING MATERIAL CO., LTD.

JINAN RUN & FLY NEW MATERIALS CO., LTD.

NANHAI SILK IMP. & EXP. CORPORATION

PINGYI BAIER BUILDING MATERIALS CO., LTD.

QINHUANGDAO TAISHAN BUILDING MATERIAL CO., LTD.

SHANGHAI YU YUAN IMP & EXP CO., LTD.

SINKIANG TIANSHAN BUILDING MATERIAL AND GYPSUM PRODUCT CO., LTD.

SUNRISE BUILDING MATERIALS LTD.

TAI'AN JINDUN BUILDING MATERIAL CO., LTD.

TAISHAN GYPSUM CO., LTD. LUCHENG BRANCH

TAISHAN GYPSUM (BAOTOU) CO., LTD.

TAISHAN GYPSUM (CHONGQING) CO., LTD.

TAISHAN GYPSUM (HENAN) CO., LTD.

TAISHAN GYPSUM (PINGSHAN) CO., LTD.

TAISHAN GYPSUM (PIZHOU) CO., LTD.

TAISHAN GYPSUM (TONGLING) CO., LTD.

TAISHAN GYPSUM (XIANGTAN) CO. LTD.

YUNAN TAISHAN GYPSUM AND BUILDING MATERIAL CO., LTD.

SHAANXI TAISHAN GYPSUM CO., LTD.; TAISHAN GYPSUM (HENGSHUI) CO., LTD.

TAISHAN GYPSUM (JIANGYIN) CO., LTD.

TAISHAN GYPSUM (WENZHOU) CO., LTD.

BEIJING NEW MATERIAL INCUBATOR CO., LTD.

QINGDAO YILIE INTERNATIONAL TRADE CO., LTD.

SHANGHAI EAST BEST ARTS & CRAFTS CO., LTD.

SIIC SHANGHAI INTERNATIONAL TRADE (GROUP) CO., LTD.

TIANJIN TIANBAO CENTURY DEVELOPMENT CO., LTD.

SHANDONG ORIENTAL INTERNATIONAL TRADING CORP.

LIANYUNGANG YUNTAI INTERNATIONAL TRADE CO., LTD.

SHANGHAI YUYUAN MARKET IMPORT & EXPORT CO., LTD.

ORIENT INTERNATIONAL HOLDING SHANGHAI FOREIGN TRADE CO., LTD.

QINGDAO AONI DECORATION BOARD AND MATERIALS CO., LTD.

BEIJING BUILDING MATERIALS IMPORT & EXPORT CO., LTD.

TAIAN TAIGAO TRADING CO., LTD.

NANTONG ECONOMIC AND TECHNOLOGICAL DEVELOPMENT ZONE CORPORATION

QINGDAO KANGHONG IMPORT AND EXPORT CO., LTD.

ZHEJIANG PROVINCIAL SECOND LIGHT INDUSTRY ENTERPRISES GROUP IMP. & EXP. CO., LTD.

SIIC SHANGHAI INTERNATIONAL TRADE GROUP PUDONG CO., LTD.

JIANGSU SAINTY INTERNATIONAL ECONOMIC & TECHNICAL COOPERATION CO., LTD.

ZIBO INTERNTIONAL ECONOMIC AND TECHNICAL COOPERATION CORPORATION

SHANGHAI KAIDUN DEVELOPMENT CO., LTD.

SHANGHAI YUJIN INDUSTRY CO., LTD.

HANGZHOU GREAT IMPORT AND EXPORT CO., LTD.

XUZHOU HANBANG GLOBAL TRADE CO., LTD.

CHINA XUZHOU INTERNATIONAL ECONOMIC & TECHNOLOGICAL COOPERATION CO., LTD.

JIANGSU EASTHIGH GROUP IMPORT & EXPORT CO., LTD.

QINGDAO JOY INDUSTRIAL & DEVELOPMENT CO., LTD.

SNEAD DOOR, LLC

MAZER'S DISCOUNT HOME CENTERS, INC.

ACE HOME CENTERS, INC.